SANDERS *v.* CHANDLER *et al.*

HILL, J. Upon conflicting evidence the court did not abuse his discretion in refusing a temporary injunction.

*Judgment affirmed. All the Justices concur.*

No. 2490.    JANUARY 11, 1922.

Petition for injunction. Before Judge Fortson. Banks superior court. January 8, 1921.

G. W. Sanders brought petition against Artis and Isaac Chandler, for injunction and other relief. The petition alleged that Sanders purchased of the defendants a certain 64.71 acres of land at the price of $12,940. After the sale had been made Isaac Chandler executed and delivered to the plaintiff his bond for title to the tract of land; and plaintiff delivered to defendant his promissory notes, one dated August 27, 1920, and due December 1, 1920, signed by the plaintiff as principal and J. J. Duncan as security, for $1941 principal, this note payable to Artis Chandler; also one note signed by the plaintiff to Isaac Chandler, dated August 20, 1920, due January 1, 1921, for the principal sum of $2588; also four notes signed by the plaintiff and payable to Isaac Chandler, dated August 27, 1920, and due January 1, 1922, January 1, 1923, January 1, 1924, and January 1, 1925, respectively, each of these notes being for the principal sum of $2102.25. It was alleged, that after plaintiff had delivered his notes as aforesaid he discovered that neither Isaac Chandler nor Artis Chandler owned the land, either jointly or severally, in fee simple, and that neither of the defendants is in position to make and deliver to plaintiff good and sufficient title to the land in the event plaintiff's notes are paid in full; that the note payable to Artis Chandler is wholly without consideration and void, and that plaintiff is unprotected, and the note is not backed up by the bond made by Isaac Chandler to plaintiff; that before the note for $1941 became due the plaintiff was notified by W. B. Burns that all amounts due and all settlements

and payments made on the land would have to be made to said Burns or A. P. Rice, and that Burns and Rice had an equity in the land and that payments would have to be made to them; that M. C. Gabriel had an equity in the land, and he and other parties holding under them had a past-due note for the sum of $6000 for part of the purchase-money of the land, said note signed by Burns and Rice; that the representations made by defendants as to the title and ownership of the lands were fraudulent and made for the purpose of inducing plaintiff to purchase the land and execute his promissory notes; that acting on said false and fraudulent representations plaintiff was induced to purchase the land and deliver his notes for the same, which notes are alleged to be wholly without consideration and void; that immediately upon discovery of the fraud practiced upon him he offered to rescind the contract and deliver up his bond for title, and demanded the surrender of his notes, which defendants refused; that plaintiff has never been in possession of the land, nor has he received any rents, issues, or profits therefrom, and the defendants have not suffered loss in any manner and can not be damaged by rescission of the contract; that since the note payable to Artis Chandler, for the sum of $1941, became due, it was transferred to Isaac Chandler, and the attorney for Isaac Chandler notified plaintiff of the intention of Isaac Chandler to bring suit on the note to the March term, 1921, of Banks superior court; that plaintiff is remediless unless a court of equity exercises jurisdiction in the matter; and that a multiplicity of suits will result. He prayed that the defendants or either of them be enjoined from bringing suit on the notes or either of them, and that Isaac Chandler be enjoined from transferring, selling, encumbering, or in any manner disposing of the notes described in the petition, or placing them in the hands of innocent parties for the purpose of bringing suit thereon; that the contract of purchase and all of the notes be canceled and delivered up to plaintiff; and that plaintiff have such other and further relief as in law and equity he is entitled to. A copy of the bond for title was attached to the petition.

The defendants filed an answer in which they admitted some of the allegations of the petition and denied others. Isaac Chandler averred that he owns the land individually and has title to the same in fee simple, and that he is ready, able, and willing to comply

with the terms of the said bond for title to the plaintiff. He also averred that he is perfectly solvent; that plaintiff knew when he bought the land that the title at that time was in W. B. Burns, and that Burns had sold it to Gabriel; that Burns and Gabriel had possession of the same until January 1, 1921; that this defendant was to settle with Burns and Gabriel so as to have title in time to comply with the terms of his bond, which he has done; and that the restraining order should be immediately rescinded. Defendants also filed a demurrer to the petition. On the interlocutory hearing the temporary restraining order was dissolved, and the application for permanent injunction was denied. On the interlocutory hearing the evidence was conflicting. The defendants offered in evidence a deed from W. B. Burns to Isaac Chandler to a certain tract of land, which, according to the evidence, included the 64.71 acres in controversy.

*G. P. Martin* and *J. B. G. Logan,* for plaintiff.

*W. W. Stark,* for defendants.